# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTHONY LOLIN JIMENEZ, SR.,
Plaintiff,

vs.

FIDELITY,
Defendant.

Case No. 1:17-cv-197

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Anthony Lolin Jimenez, Sr., an inmate at the Crowley County Correctional Facility (CCCF) in Olney Springs, Colorado, initiated this action by filing an application for leave to proceed *in forma pauperis* in connection with a *pro se* complaint. (*See* Doc. 1). In the complaint, plaintiff brings claims against Fidelity, an "Insurance/Investor" company located in Cincinnati, Ohio. (*See* Doc. 1, Complaint, at PAGEID#: 8). Plaintiff states that the basis for this Court's jurisdiction is "Diversity of Citizenship." (*Id.*, at PAGEID#: 9). This matter is now before the Court on plaintiff's pauper application. (Doc. 2).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).

Mr. Jimenez is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three complaints filed by him while a prisoner were previously dismissed with prejudice as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., Anthony Lolin Jimenez, Sr. v. Structured Asset Mortg. Investment II Inc., et al.*, Case No. 1:17-cv-534-CM (S.D.N.Y. Apr. 6, 2017) (Docs. 9-10) (*sua sponte* dismissing complaint "as frivolous" at screening stage);[1] *Anthony Lolin Jimenez, Sr. v. Wells Fargo, Nat'l Ass'n, et al.*, Case No. 8:16-cv-3721-PWG (D. Md. Apr. 4, 2017) (Docs. 34-35) (granting defendants' motion to dismiss the complaint, as amended, with prejudice for failure to state a claim, as well as assigning a strike to the plaintiff); *Anthony L. Jimenez v. Susan Jones, et al.*, Case No. 1:11-cv-948-PAB-CBS (D. Colo. Mar. 23, 2012) (Docs. 48, 51-52) (adopting the magistrate judge's Report and Recommendation to grant the defendants' motion to dismiss for failure to state a claim).[2] Those prior dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Jimenez may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners

---

[1] In that case, the district court first issued an order directing Mr. Jimenez to show cause why the court should not deny his *in forma pauperis* application under the PLRA's 3-strikes provision. *See Anthony Lolin Jimenez, Sr. v. Structured Asset Mortg. Investment II Inc., et al.*, Case No. 1:17-cv-534-CM (S.D.N.Y. Apr. 6, 2017) (Doc. 4). The docket record for the case reflects that the plaintiff responded to that order by paying the $400 filing fee on February 22, 2017.

[2] In the show cause order issued in the case filed by Mr. Jimenez with the Southern District of New York, the district court also cited the following additional decisions that may qualify as strikes against him: *Jimenez v. Fourth Judicial District Attorney's Office*, No. 16-cv-780 (D. Co. May 18, 2016) (holding that "the federal claims in the amended complaint are legally frivolous and must be dismissed"); *Jimenez v. Fourth Judicial District Attorney's Office*, 16-1239 (10th Cir. Aug. 29, 2016) ("Because we affirm the district court's conclusion that Jimenez's suit was frivolous, this disposition qualifies as a 'strike'"). *See Anthony Lolin Jimenez, Sr. v. Structured Asset Mortg. Investment II Inc., et al.*, Case No. 1:17-cv-534-CM (S.D.N.Y. Apr. 6, 2017) (Doc. 4).

who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

Here, Mr. Jimenez has conceded in the complaint that he is not in imminent danger. (*See* Doc. 1, Complaint, at PAGEID#: 2). The complaint is also devoid of any facts that would suggest Mr. Jimenez is in imminent danger of serious physical injury. Therefore, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be denied under 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/14/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTHONY LOLIN JIMENEZ, SR.,  
    Plaintiff,

vs.

FIDELITY,  
    Defendant.

Case No. 1:17-cv-197

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc